### 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## HUNDLEY V. REYNOLDS AND OTHERS.

### September 17, 1919.

1. VENDOR AND PURCHASER—*Compensation for Deficiency—Sale by Acreage or by Metes and Bounds—Sufficiency of Evidence to Establish Fraud by Vendor—Case at Bar.*—Vendees filed a bill in equity against their vendor, alleging that they had purchased a tract of land represented as containing 120 acres, but which in fact contained only 100 acres, and praying compensation for the deficiency at the rate paid per acre, with interest from the date of purchase. The bill alleged that the sale was by the acre, and that the discrepancy occurred by reason of fraud or mistake. The vendor answered, denying that he had ever represented the tract as containing 120 acres, and, on the contrary, alleging that the land was conveyed by metes and bounds, and that the vendees well knew the quantity of land purchased by them, and that the mistake in stating in the deed that the boundary contained 120 acres was the mistake of the scrivener. It was clearly established that the vendor at all times well knew that the tract of land contained only 100 acres, so that the case was not one of mutual mistake. The case resolved itself, therefore, into the question of whether or not the vendor perpetrated a fraud on the vendees. The evidence was of the most conflicting and contradictory nature, composed very largely of oral testimony given by ignorant and illiterate witnesses of verbal admissions made by the parties five or six years before they testified, and of contradictions of one witness by another as to statements made by them.

   *Held:* That the evidence taken as a whole was not sufficient to establish fraud on the part of the vendor.

2. FRAUD—*Evidence Sufficient to Establish.*—Grave suspicion is not enough to sustain a charge of fraud, but the fraud must be shown by clear and convincing proof.

Appeal from a decree of the Circuit Court of Floyd county. Decree for complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*Jno. P. Lee* and *Samuel A. Anderson,* for the appellant.

*Sowder & Howard,* for the appellees.

BURKS, J., delivered the opinion of the court.

The appellees filed their bill in equity against the appellant, alleging that they had purchased of the appellant a tract of land represented as containing one hundred and twenty acres, but which in fact contained only one hundred acres, and praying compensation for the deficiency at the rate paid per acre, with interest from the date of purchase. The bill alleges that the sale was by the acre, and that the discrepancy occurred by reason of fraud or mistake on the part of the appellant. The appellant answered, denying that he had ever represented the tract as containing one hundred and twenty acres, and on the contrary alleging that the land was conveyed by metes and bounds, that he had sold it to the appellees as one hundred acres at sixteen dollars and fifty cents per acre, that they well knew the quantity of land purchased by them and the price to be paid therefor, and that the mistake in the deed to the appellees, in stating that the boundary contained one hundred and twenty acres, was the mistake of the scrivener of the deed, but did them no harm, as they well knew the quantity of land in the boundary, and that it had been sold to them by the appellant as and for one hundred acres. Respondent prayed that, if need be, his answer be treated as a cross-bill, and his deed to appellees be reformed so as to declare that the boundary conveyed contained only one hundred acres. The appellees answered the cross-bill, denying its material allegations. Depositions were taken, and, upon

the hearing, a decree was rendered granting the complainants (the appellees here) the relief prayed. From that decree this appeal was taken.

[1, 2]   It is conceded by the parties that this is a proper case for equity jurisdiction, and the controversy is entirely upon the merits as developed by the evidence. If not conceded, it is clearly established by the evidence that the appellant at all times well knew that the tract of land contained only one hundred acres, so that the case is not one of mutual mistake. The case resolves itself, therefore, into the question of whether or not the appellant perpetrated a fraud on the appellees. The evidence is of the most conflicting and contradictory nature, composed very largely of oral testimony given by ignorant and illiterate witnesses of verbal admissions made by the respective parties five or six years before they testified, and of contradictions of one witness by another as to statements made by them. It could serve no useful purpose to review the testimony in detail. It must suffice to say that even grave suspicion is not enough to sustain a charge of fraud, and if fraud has been committed in the case in judgment it has not been shown by that clear and convincing proof necessary to establish it.

The appellant had acquired this tract of land by exchange with H. L. Keaton, and in the deed of exchange the land conveyed to Keaton is described as "containing some 120 acres, more or less," and the land received by Hundley is described as two "tracts or parcels of land adjoining each other and containing in the aggregate one hundred acres," and the metes and bounds are given. By agreement of all parties, J. W. Walton, a justice of the peace of the neighborhood, was engaged to write the deed from the appellant to the appellees, and, in order to enable him to describe the land to be conveyed, he was furnished with the deed of exchange aforesaid, which not only gave the metes and bounds

but also stated the quantity of land in the boundary. He copied the metes and bounds accurately, but misstated the quantity. No explanation is given by any witness of how this mistake was made, but it is suggested that the eye of the scrivener fell on the figures 120 in the deed of exchange, and that he inserted them, without reading the deed carefully, supposing that they represented the quantity in the tract to be conveyed. This suggestion seems probable, as he does not appear to have been a very careful draftsman. He failed to retain a lien in the deed for the deferred payments of purchase money, as had been agreed upon by the parties, and mentioned the retention of the lien in one of the bonds for the deferred payments, and failed to mention it in the other two. He states in his testimony that he does not recollect that he had any instructions as to how to write the deed. When the deed was delivered by the appellant to one of the grantees, he also delivered to him the deed under which appellant derived his title, which plainly stated that the tract contained one hundred acres. None of the witnesses who were present at the time the deed was prepared say that the appellant said that the tract contained one hundred and twenty acres, or that he gave any direction to the scrivener to so state in the deed. T. H. Reynolds, one of the grantees, was present but makes no such claim. Appellant and his wife and Peter Claytor, who were present, state that appellant instructed the scrivener to make the deed like the old deed under which appellant claimed title. Appellees paid taxes on the land for six or seven years thereafter, assessed as on one hundred acres, before this suit was brought. There was also much parol testimony tending strongly to sustain his claim. On the other hand, there was much parol testimony tending strongly to sustain the contention of the appellees that the tract was represented as containing one hundred and twenty acres, and explaining

why the tax tickets did not furnish evidence that the tract contained only one hundred acres. In addition to this, the deed stated that there were one hundred and twenty acres, and seventeen months after the deed was made, the appellees, at the instance of the appellant, executed an instrument under seal by which they gave the appellant a vendor's lien for the balance of his purchase money, in which the land is again described as containing one hundred and twenty acres, which deed the appellant admits was read to him. But appellant explains this by saying that he only felt concerned about the security for his purchase money, and hence paid no attention to the reading of other parts of the deed. As already stated, the parol testimony is of such character as to be entitled to but little, if any, weight, but whether we weigh it or not, the evidence, taken as a whole, is not sufficient to establish fraud on the part of the appellant, and for that reason the decree of the circuit court must be reversed.

*Reversed.*